UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

PATRICK HARNADEK,    CIVIL ACTION

    Plaintiff    NO.

VS.

METRO-NORTH RAILROAD COMPANY,

    Defendant

---------------------------------------------------------------X

## COMPLAINT

### NATURE OF ACTION

1. The plaintiff brings this action against the defendant for injuries suffered by him while in the employ of the defendant Railroad.

### JURISDICTION

2. This Court has subject matter jurisdiction in this case pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.* Venue properly lies in this Court pursuant to 45 U.S.C. § 56.

### PARTIES

3. The plaintiff is of Newburgh, New York.

4. The defendant, Metro-North Railroad Company, (hereinafter referred to as defendant Railroad) is a railroad corporation duly established by law, and having a usual place of business in New York, New York.

## FACTS

5. During all times herein mentioned, the defendant was a common carrier engaged in the business of interstate commerce, and as such, operated a railroad in such business between New York, New York, and New Haven, Connecticut.

6. At the time the plaintiff received the injuries complained of, he was employed by the defendant Railroad as an Ironworker in Port Jervis Yard, Port Jervis, New York.

7. At the time the plaintiff received the injuries complained of, the defendant Railroad was engaged in interstate commerce and the plaintiff was employed in furtherance of said commerce.

8. On or about January 21, 2014, the plaintiff was engaged in his duties as an Ironworker in Port Jervis, New York, which yard, lines, tracks, rails, engines, trains, shops, storerooms and all other equipment and appliances appurtenant thereto were owned and/or operated and/or controlled and/or maintained by the defendant corporation.

9. At the time the plaintiff received the injuries complained of, he was moving a manhole cover for a water valve with a fellow employee, when the manhole cover suddenly spun towards the plaintiff and landed on his left large toe breaking and crushing the end two bones.

10. The plaintiff was performing this procedure under the supervision of the defendant Railroad's Supervisor and Ironworker Foreman.

## AS AND FOR A FIRST CAUSE OF ACTION

11. The plaintiff adopts by reference and realleges each and every allegation set forth in paragraphs 1 through 10 of this Complaint with the same force and effect as if set forth under this cause of action.

12. The defendant Railroad, its agents, servants, or employees were negligent in whole or in part in one or more of the following ways:

a) it failed to properly instruct the plaintiff; and/or

b) it carelessly instructed plaintiff to lift and flip a heavy manhole cover; and/or

c) it failed to provide the plaintiff with manhole cover lifting keys or a magnetic manhole cover lifter or a manhole lifter machine; and/or

d) it failed to use the mini excavator to lift the heavy manhole cover; and/or

e) it failed to use reasonable care to provide the plaintiff with a safe place in which to work, including but not limited to furnishing him with safe and suitable tools, assistance, training, and procedures; and/or

f) it failed to properly supervise the plaintiff; and/or

g) it failed to warn of a hazardous condition; and/or

h) the immediate supervisor failed to ensure the safe performance of the work, and failed to personally and continuously supervise; and/or

i) it failed to assign a sufficient number of workers to do the task in the manner assigned; and/or

j) it failed to adequately train the plaintiff; and/or

k) it failed to provide adequate training and/or instruction at the worksite; and/or

l)  it failed to provide adequate and/or sufficient and/or safe tools to perform the assignment; and/or

m)  it violated Metro-North General Safety Instruction 200.2 because the supervisor is responsible for the safety of the employees under his jurisdiction; and/or

n)  it violated Metro-North General Safety Instruction 200.2 because to the extent Metro-North claims the plaintiff did not follow any safety rule, procedure, instruction, training, practices, policies and warnings, the supervisor failed to ensure that employees worked in a safe manner consistent with all company safety rules, procedures, instructions, training, practices, policies and warnings; and/or

o)  it violated Metro-North General Safety Instruction 200.2 because to the extent Metro-North claims the plaintiff did not follow any safety rule, procedure, instruction, training, practices, policies and warnings, the supervisor failed to routinely observe, correct and instruct employees to ensure compliance with all safety standards; and/or

p)  it failed to act in a reasonably prudent manner under all the circumstances surrounding the incident.

13.  As a result of the defendant's negligence, the plaintiff was injured and sustained a severe injury to his left large toe breaking and crushing the end two bones.

14.  As a result of the failure of the defendant Railroad, its agents, servants, or employees to use reasonable care to provide the plaintiff with a safe place in which to work, the plaintiff was injured and sustained a severe injury to his left large toe breaking and crushing the end two bones.

15. As a result of the injuries, the plaintiff has suffered and will suffer lost wages and benefits, incurred medical expenses, suffered permanent disabilities, physical pain and mental anguish and will continue to do so in the future, and has an impairment to his future earning capacity.

WHEREFORE, in order to fairly and justly compensate the negligently injured plaintiff and thereby promote safe operating conditions on the defendant Railroad, the plaintiff demands a judgment for monetary damages against the defendant Railroad in addition to any further relief the Court deems just and equitable.

PLAINTIFF DEMANDS TRIAL BY JURY.

By his attorneys,

By _____
George J. Cahill, Jr. (GC-8525)
CAHILL & PERRY, P.C.
43 Trumbull Street
New Haven, Connecticut 06510
Telephone: (203) 777-1000
Fax: 203 865-5904
cahill@trainlaw.com